■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LAURENCE R. SEYMOUR, Appellant.— Appeal from an order denying a motion for a writ of error *coram nobis*. The basis for the writ alleged that the indictment did not bear the signature of the foreman of the Grand Jury. From the record it appears that on the application for the writ the court assigned counsel to represent the petitioner and, after hearing him and the District Attorney, denied the application, which included a request that the petitioner be present in person. It would appear that at the hearing on the application mentioned above, a certified copy of the indictment was offered which showed the required signature. Ordinarily such proceedings take place after granting a motion and the assignment of counsel and whether the prisoner should be present is a discretionary matter with the court. In any event, the matter sought to be reviewed was not the proper subject for *coram nobis*. (*People* v. *Fortson*, 7 A D 2d 139.) The petitioner after being convicted appealed to this court (282 App. Div. 982) which affirmed the jury verdict and determined that the petitioner herein had a fair trial. The alleged errors were all apparent on the face of the record and we assume were the subject, at least in part, of his original appeal to this court. The relief sought is not the basis for a writ of error *coram nobis*. (*People* v. *Sullivan*, 3 N Y 2d 196, 198.) Order unanimously affirmed.

■ In the Matter of the Claim of MORRIS WEINSTEIN, Respondent, v. ABRAHAM POMERANTZ et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from an award based upon an aggravation of a preexisting occupational disease claimed to be barred by section 40 of the Workmen's Compensation Law, appellants claiming the disease was not contracted within one year from the date of disablement. The claimant had worked as a baker for 50 years, at least 5 for the appellant. He contracted bronchial asthma — "Baker's asthma" — many years prior to the date of disablement but for the preceding year it had been severe and "irretractable". The board found a pre-existing bronchial asthma and further that the exposure incurred in his last employment (employer herein) aggravated the condition and necessitated his ceasing work and which constituted an occupational disease. The testimony before the board justified such finding and was supported by substantial evidence. An aggravation under somewhat similar facts was held not barred by the time limitation in section 40. (*Matter of Mayr* v. *Price*, 9 A D 2d 801; see, also, *Matter of Bichowsky* v. *Hickey Freeman Co.*, 11 A D 2d 877.) Decision and award unanimously affirmed, with costs to Workmen's Compensation Board.